CALVIN WATKINS a/k/a VINCENT WATKINS
*v.* STATE OF MARYLAND

[No. 995, September Term, 1978.]

Decided May 10, 1979.

The cause was argued before Lowe, Liss and Wilner, JJ.

*Gerald A. Kroop* for appellant.

*Michael A. Anselmi, Assistant Attorney General,* with whom were *Stephen H. Sachs, Attorney General, William A. Swisher, State's Attorney for Baltimore City,* and *Dale*

*Kelberman, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

LISS, J., delivered the opinion of the Court.

Calvin Watkins, appellant, was convicted in the Criminal Court of Baltimore City of possession of heroin in sufficient quantity to indicate an intention to distribute. Before the trial on the merits began, appellant filed a pre-trial motion to suppress and exclude evidence on the ground that the evidence was seized as a result of an illegal, warrantless arrest. That motion was denied by the trial judge. After conviction, the judge imposed a six-year sentence. It is from this judgment that the instant appeal has been filed.

The sole issue raised by the appellant is:

Did the trial court err in refusing to exclude the evidence seized from the appellant during the course of an illegal, warrantless search?

The evidence indicated that on February 12, 1978 at approximately 4:40 p.m. Officer McEntree of the Baltimore City Police responded to a call over his police radio to assist an unidentified officer who was in pursuit of two suspects who were armed with an unknown weapon. The officer stated that while cruising in the identified area he saw the defendant in the company of another man on the west side of the 2000 block of Barclay Street. McEntree stated that the man standing next to the appellant, upon observing the officer, yelled, "Run, police," at which time the appellant started to run. Officer McEntree chased and attempted to grab the appellant for approximately three blocks. In order to avoid apprehension, the appellant swung at the officer and struck him in the face. The officer finally caught the appellant and wrestled him to the ground. While in this position, the appellant reached toward his right foot. The officer grabbed the appellant's hand and touched what seemed to be a soft, flexible object concealed in the right foot area of the appellant's clothing. It was clear that the object was not a dangerous weapon. The officer removed the object, a brown

paper bag, which contained glassine bags of a white powder afterward found to be heroin.

At the outset, appellant, in contending that the trial court erred in denying his motion to suppress and exclude the evidence seized because of an unlawful arrest, argues that the Constitution of the United States provides that a warrantless search of a person is per se unreasonable and in violation of the Fourth Amendment subject to a few well delineated exceptions. *Katz v. United States,* 389 U. S. 347, 88 S. Ct. 507 (1972). The trial court held that the evidence was admissible under the exception known as a search incident to a lawful arrest. *Chimel v. California,* 395 U. S. 752, 763, 89 S. Ct. 2034 (1969). *See also Johnson v. State,* 8 Md. App. 187, 259 A. 2d 97 (1969).

It is clear the warrantless arrest in this case could not be justified on the basis that the officer had probable cause to believe at the time of the arrest that a felony had been committed, and that the individual he arrested had committed the offense. There is, however, a distinction to be made between an arrest of a suspect and the act of accosting an individual for the purpose of making lawful inquiry.

In *McChan v. State,* 238 Md. 149, 157, 207 A. 2d 632 (1965), the Court of Appeals distinguished between an arrest which it said was "the detention of a known or suspected offender for the purpose of prosecuting him for a crime" and the approach of an individual by a police officer who questions the individual as to his identity and actions. The statement of facts agreed to by both parties in this case clearly indicates that when the officer approached the appellant he did not make an effort to arrest him and that the appellant fled before any contact occurred between the appellant and the officer. *See* Kauffman, *The Law of Arrest in Maryland,* 5 Md. L. Rev. 125, 131; 5 Am. Jur. 2d *Arrest,* Sec. 1.

*Terry v. Ohio,* 392 U. S. 1, 88 S. Ct. 1868 (1967) first stated the distinction between an arrest and the "stop and frisk" right of a police officer. The two actions of a stop and frisk were found not inseparable. The Supreme Court, in

addressing the question of when a "stop" was permissible in the context of a "stop and frisk," said:

> One general interest is of course that of effective crime prevention and detection; it is this interest which underlies the recognition that a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possibly criminal behavior even though there is no probable cause to make an arrest. 392 U. S. at 22.

To accomplish this purpose a policeman may act upon less than probable cause but must be able "to point to specific and articulate facts which, taken together, with rational inferences from those facts, reasonably warrant that intrusion." *Id.* at 21.

In *Gibbs v. State,* 18 Md. App. 230, 306 A. 2d 587 (1973), this Court, speaking through Judge Moylan, made a thorough analysis of the holding of the Supreme Court in *Terry v. Ohio, supra.* We recognized that the Supreme Court was "attempting to strike a delicate balance between the necessity for some flexibility in permitted police behavior in the investigation and prevention of crime on the one hand, and the rights of citizens to be free from unreasonable government intrusion on the other hand." 18 Md. App. at 235 n. 1.

We stated in *Gibbs, supra,* that

> because the "stop" is more limited in scope than an arrest and because the "frisk" is more limited in scope than the full-blown search, such actions, though not to be undertaken arbitrarily, may be reasonable within the contemplation of the Fourth Amendment upon a predicate less substantial than "probable cause." *Terry* made it clear that "stop and frisk" rationale was to be judged not by the Warrant Clause of the Fourth Amendment, but rather by the Reasonableness Clause. 18 Md. App. at 237.

The measure of reasonableness has been labeled as "suspicion," "reasonable suspicion," "reason to believe," but the officer is not entitled to act on his inchoate and unparticularized "hunch" but only on the specific reasonable inference which he is entitled to draw from the facts in the light of his experience. *Terry, supra,* at 27.

Our examination of the agreed statement of facts and the testimony at the suppression hearing discloses that the "specific and articulable facts" which provided the predicate for the stop in this case were: that Officer McEntree had information that a fellow officer had been pursuing two armed men in the vicinity of the 2100 block of Barclay Street; that the officer then heard over the radio that the pursuing patrolman had lost sight of the suspects in the area of the 2100 block of Barclay Street; that Officer McEntree observed the appellant standing with another man in the middle of the 2000 block of Barclay Street approximately one-half block from the point where the other officer lost sight of the suspects; and that when Officer McEntree approached the other man yelled, "Run, police," and the appellant than fled, failing to heed repeated requests to halt. These facts, as articulated by the police officer, were sufficient to raise a rational inference that the appellant may have been "connected with criminal activity" which would justify a stop. *Williams v. State,* 19 Md. App. 204, 310 A. 2d 593 (1977). Compare *Anderson v. State,* 282 Md. 701, 387 A. 2d 281 (1978).

Concluding as we do, that there was legal justification for the stop, there remains the question of whether a policeman may forcibly effectuate a stop in the event an individual either ignores his request to stop or physically resists the stop.

The majority opinion in *Terry v. Ohio, supra,* did not address that question, but Mr. Justice Harlan, in his concurring opinion, observed that by the very nature of the governmental intrusion permitted by *Terry,* the possibility of a forcible stop is necessarily contemplated. He said:

> I am constrained to fill in a few gaps, as I see them in ... [the] opinion.

\* \* \* \* \* \* \* \*

In the first place, if the frisk is justified in order to protect the officer during an encounter with a citizen, the officer must first have constitutional grounds to insist on an encounter, to make a *forcible* stop .... [A] policeman ... must first have a right not to avoid him [a citizen suspect] but to be at his presence. That right must be more than the liberty ... to address questions to other persons, for ordinarily the person addressed has an equal right to ignore his interrogator and walk away; .... I would make it perfectly clear that the right to frisk in this case depends upon the reasonableness of a forcible stop to investigate suspected crime. 392 U. S. at 31-33.

Similarly, Mr. Justice White, in his concurring opinion in *Terry, supra,* at 34, observed that "... given the proper circumstances, such as those in this case, it seems to me the person may be briefly detained against his will while pertinent questions are directed to him." In *Adams v. Williams,* 407 U. S. 143, 145, 92 S. Ct. 1921 (1972), Mr. Justice Rehnquist said: "The Fourth Amendment does not require a policeman who lacks the precise level of information necessary for probable cause to arrest to simply shrug his shoulders and allow a crime to occur or a criminal to escape."

Given then the factual reasonableness of the officer's effort to interrogate the appellant, the attempted stop by force was reasonable. Thus, the appellant's theory that he had the right to resist an illegal detention must fail. Under the facts of this case, *Cornish v. State,* 215 Md. 64, 137 A. 2d 170 (1957) and *Sugarman v. State,* 173 Md. 52, 195 A. 324 (1937), are simply inapplicable.

The action of the appellant in striking the officer while attempting to escape, in view of the circumstances, amounted to an assault which was thereby the commission of a misdemeanor in the presence of that officer. The subsequent arrest of the appellant without a warrant was, therefore, a valid arrest, and the search of the appellant's pants leg area after his arrest which followed conduct that indicated the

448

concealment of contraband in the leg area was within the permissible scope of search incident to arrest. *Chimel v. California, supra. See also Johnson v. State, supra.*

> *Judgment affirmed.*
> *Costs to be paid by appellant.*